**Freddie Lee THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–01–514 CR.**

Court of Appeals of Texas, Beaumont.

Submitted on July 19, 2002.

Decided Aug. 14, 2002.

Stephen Christopher Taylor, Humble, for appellant.

Michael A. McDougal, Dist. Atty., Mike Griffin, Mike Seiler, Dan P. Bradley, Asst. Dist. Attys., Conroe, for state.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

PER CURIAM.

A jury found Freddie Lee Thomas guilty of one count of aggravated robbery and one count of aggravated kidnapping. The trial court assessed Thomas's punishment at thirty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division for each count, with the sentences running concurrently. Bringing a single issue, Thomas asserts the trial court erred by denying his motion for new trial, which was based on jury misconduct. We affirm.

At Thomas's motion for new trial hearing, the trial court inquired whether defense counsel would offer evidence other than that found in juror Rita Storm's affidavit, which had been attached to the new trial motion. The trial court also stated that it would allow defense counsel to make whatever record she desired. Thomas's counsel indicated she would be offering additional evidence and then called juror Storm as a witness.

Storm testified that during deliberations, she was "pulled up" in her chair, an experience that had been "physically painful." In her affidavit attached to the new trial motion, she did not assert that the experience was physically painful, but rather had stated, "[T]he foreman, as a reenactment of the crime, even pulled me up against my wishes. I had said no but he pulled me out of my chair anyway."

At the hearing, Storm also testified that other actions in the jury room threatened or interfered with her ability to return a verdict based on the evidence and law. According to Storm, the jury's foreman and another juror "were always talking and hollering at [her] at the same time . . . ." Further, she stated that "everybody just started hollering at the same time, beating on the table" and that one juror "jumped up from the table and hit the table with her hand." These events caused Storm to feel "totally stressed out." She further stated that after another hold out juror decided to vote guilty, the jurors in favor of a guilty verdict became "very violent" and she did not want to be in the jury room any longer. In addition, Storm also complained that the jury's foreman refused to submit Storm's question to the Court.

Thomas contends that these circumstances present a case of first impression as the alleged jury misconduct was physical violence occurring during jury deliberations. Thomas further contends the violence, under the Rules of Evidence, constitutes an "outside influence improperly brought to bear upon the juror."

The applicable statute is Rule of Evidence 606(b), which provides:

> (b) Inquiry Into Validity of Verdict or Indictment.

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any ju-

ror; or (2) to rebut a claim that the juror was not qualified to serve.

Tex.R. Evid. 606(b).

In *Golden Eagle Archery, Inc. v. Jackson,* 24 S.W.3d 362 (Tex.2000), the Texas Supreme Court observed that the rules contemplate that an "outside influence" must originate "from sources other than the jurors themselves." *Golden Eagle Archery,* 24 S.W.3d at 370. The *Golden Eagle Archery* Court also concluded that Rule 606(b) prohibits the consideration of testimony about matters and statements occurring in the course of the jury's formal deliberations. *Id.* at 373–74.

Here, neither Storm's testimony nor her affidavit reveal any outside influence that was improperly brought to bear on any juror. The actions alleged to constitute an outside influence have as their source the jurors themselves and further are matters that occurred during formal deliberations.

 Of course, assault would not constitute part of formal jury deliberations. In *Golden Eagle Archery,* the Court described "jury deliberations" as "when the jury weighs the evidence to arrive at a verdict." 24 S.W.3d at 371. Under that definition, the jury is not deliberating while one juror is assaulting another. However, the trial court is the sole judge of the credibility of the testifying jurors. *See Lewis v. State,* 911 S.W.2d 1, 7 (Tex. Crim.App.1995). We view the evidence adduced at the hearing in the light most favorable to the trial court's ruling. *See Quinn v. State,* 958 S.W.2d 395, 402 (Tex. Crim.App.1997). The trial court could have disbelieved the juror's testimony. Here, the trial judge heard testimony from which the judge could have concluded that the jury was only engaged in heated—though perhaps overheated—deliberations, and properly could have concluded that the testimony was therefore inadmissible under Rule 606(b).

The trial court did not abuse its discretion by overruling Thomas's motion for new trial. Thomas's sole issue is overruled. Accordingly, we affirm the trial court's judgment.

AFFIRMED.