COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NOS. 
2-02-367-CR 
                                                 
 2-02-368-CR

TOMMY ANSEL MARKS                                                         
 APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
372ND DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Tommy Ansel Marks appeals his convictions for the offenses 
of theft between $100,000 and $200,000 and aggravated sexual assault of a 
child under fourteen years old. He received sentences of twenty and forty-five 
years’ confinement, respectively, with the sentences to be served concurrently. 
Appellant raises three points on appeal, arguing that the trial court abused its 
discretion by failing to hold a hearing on his motion for new trial on the 
aggravated sexual assault offense and that his twenty-year sentence for the 
theft offense is unconstitutional under both the state and federal constitutions. 
We will affirm. 
Factual and Procedural Background
        Because sufficiency of the evidence is not at issue, we need only briefly 
discuss the facts of this case. On February 27, 1998, Appellant pleaded guilty 
to the offense of theft of an amount between $100,000 and $200,000, in 
exchange for the State’s recommended sentence of four years’ deferred 
adjudication and restitution in an amount to be determined. 
 

 The State filed 
petitions to adjudicate Appellant’s guilt on October 25, 2001 and December 18,
2001, alleging, among other things, that he had violated the terms and
conditions of his probation by committing the offense of aggravated sexual
assault of a child under fourteen years of age on October 7, 2001. Soon
thereafter, the State charged Appellant by indictment for the aggravated sexual
assault of D.S., a child under fourteen years old. 
        After Appellant pleaded not guilty to the sexual assault charge, the State 
tried the case to a jury. Among other evidence, the State offered the testimony 
of thirteen year old D.S., who testified that Appellant sexually assaulted her and 
described the circumstances surrounding the assault. The State also presented 
DNA evidence and expert testimony concerning the likelihood that Appellant’s 
DNA matched the DNA collected from him and D.S. After hearing and 
considering all of the evidence presented, the jury found Appellant guilty of the 
offense of aggravated sexual assault. The court assessed Appellant’s 
punishment at forty-five years’ confinement and then began consideration of 
the State’s pending petition to proceed to adjudication for the theft offense. 
The court found Appellant guilty. 
Hearing on Appellant’s Motion for New Trial
        Appellant timely filed a motion for new trial concerning his aggravated 
sexual assault trial, alleging that (1) there was insufficient evidence of his guilt, 
(2) the trial court erred in failing to grant his motion for directed verdict at the 
conclusion of the State’s case-in-chief, (3) the trial court erred in denying his 
motion to quash the indictment, (4) the trial court erred in failing to grant his 
motion for mistrial, and (5) the jury engaged in misconduct, such that he did not 
receive a fair and impartial trial. In his first point, Appellant complains that the 
trial court abused its discretion by not holding a hearing on his motion for new 
trial. Specifically, Appellant argues that his motion should have been heard 
because it asserted jury misconduct, grounds that he contends were not readily 
determinable from the record. See Tex. R. App. P. 21.3(g) (listing jury 
misconduct as a ground for a new trial). We disagree. 
        In addressing Appellant’s first point, we must determine “whether, on this 
record, the trial court could have reasonably denied [A]ppellant a hearing on his 
motion for new trial.” Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. 
App. 2003). The purpose of the hearing is to allow a defendant an opportunity 
to develop the matters raised in his or her motion. Id.; Martinez v. State, 74 
S.W.3d 19, 21 (Tex. Crim. App. 2002). We review the trial court’s denial of 
Appellant’s request for a hearing on his motion for new trial under an abuse of 
discretion standard. Wallace, 106 S.W.3d at 108; Martinez, 74 S.W.3d at 22. 
        An evidentiary hearing on a defendant’s motion for new trial is necessary 
only if the motion and accompanying affidavit(s) “rais[e] matters not 
determinable from the record, upon which the accused could be entitled to 
relief.” Wallace, 106 S.W.3d at 108 (citing Reyes v. State, 849 S.W.2d 812, 
816 (Tex. Crim. App. 1993)); see Mallet v. State, 9 S.W.3d 856, 868 (Tex. 
App.—Fort Worth 2000, no pet.). However, “[t]o be sufficient to entitle the 
defendant to a hearing, the motion for new trial and accompanying affidavit(s) 
‘need not establish a prima facie case’ for a new trial.” Wallace, 106 S.W.3d 
at 108 (citing Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)). 
Instead, they “must merely reflect that reasonable grounds exist for holding that 
such relief could be granted.” Id. (citing Martinez, 74 S.W.3d at 22). 
        We agree with the State that because the first four grounds set forth in 
Appellant’s motion present matters that are determinable from the record, the 
trial court did not abuse its discretion by failing to conduct a hearing on those 
allegations. See Wallace, 106 S.W.3d at 108; Reyes, 849 S.W.2d at 816. 
With respect to the alleged jury misconduct, Appellant’s complaint focuses on 
information brought to the court’s attention by a juror after trial had begun. 
Appellant did not attach any affidavits to his motion for new trial; however, his 
verified motion included facts about alleged jury misconduct occurring during 
the course of the trial. See Daniels v. State, 63 S.W.3d 67, 70 (Tex. 
App.—Houston [14th Dist.] 2001, pet. ref’d) (stating requirement that motion 
for new trial must be supported by an affidavit or sworn facts specifically 
showing the truth of the grounds alleged as a basis for a new trial). 
        Appellant’s motion refers to the following exchange in the record between 
Juror Howard and the trial court. After the State’s direct examination of D.S., 
Juror Howard asked to speak to the trial court in private. Juror Howard 
informed the court that, while he did not know D.S., he had seen her in his 
neighborhood. Juror Howard also stated his belief that D.S. looked at him like 
she had seen him before. The trial court asked Juror Howard if he could follow 
the court’s instruction that even if he recognized a person he had seen or 
known of outside the courtroom, the law prohibited consideration of anything 
he had seen or heard about them outside the courtroom. Juror Howard 
responded that he could follow the court’s instruction. 
        The court further inquired, “If all you do is recognize her, you have no 
close acquaintance, she’s not family?” Juror Howard replied, “No,” and he 
agreed that D.S. was just one of the neighborhood kids that he had seen 
before. Juror Howard again agreed with the court that he could follow the 
instruction that because D.S. was a witness, he had to judge her testimony 
based on what was presented at trial and that he would not let any outside 
memories, albeit good, bad, or indifferent, affect him. Juror Howard then 
returned to his seat, and trial resumed. Appellant did not object to Juror 
Howard serving on the jury. 
        In his motion for new trial, Appellant asserted that because the jury 
deliberated for eleven hours and indicated that they were deadlocked on three 
occasions before reaching a guilty verdict, “[i]t appears that there was jury 
misconduct that resulted in a ‘guilty’ verdict against [Appellant].” Appellant 
concluded his motion by requesting that a new trial be granted on the basis of 
the alleged misconduct or that he be afforded the opportunity to contact and 
question each juror to determine whether any misconduct actually occurred. 
        Generally, we presume a jury follows the trial court’s instructions. 
Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). Here, Juror 
Howard stated that he would follow the trial court’s instructions concerning 
D.S.’s testimony. Moreover, Appellant’s motion for new trial failed to specify 
what, if any, jury misconduct occurred, and his motion was unaccompanied by 
affidavits or sworn facts demonstrating that jury misconduct had in fact 
deprived Appellant of a fair and impartial trial. See King v. State, 29 S.W.3d 
556, 568-69 (Tex. Crim. App. 2000) (holding that bare assertions in verified 
motion for new trial failed to establish facts entitling appellant to a new trial; 
thus, the trial court did not err in refusing to hold a hearing); see also Thomas 
v. State, 84 S.W.3d 370, 372 (Tex. App.—Beaumont 2002, pet. ref’d) (holding 
trial court did not abuse its discretion in overruling appellant’s motion for new 
trial based on alleged jury misconduct where record did not “reveal any outside 
influence that was improperly brought to bear on any juror”). 
        Thus, we hold that Appellant did not meet his burden of showing that 
reasonable grounds existed for holding that relief could be granted on his 
motion. See Wallace, 106 S.W.3d at 108. Accordingly, we cannot say that 
the trial court abused its discretion in refusing to conduct a hearing on 
Appellant’s motion for new trial based on alleged jury misconduct, and we 
therefore overrule his first point. 
Constitutionality of Sentence
        In his second and third points, Appellant complains that the twenty-year 
sentence assessed against him for the theft offense violated his protection from 
cruel and unusual punishment under the federal and state constitutions. See 
U.S. Const. amends. VIII, XIV; Tex. Const. art. I, § 13. Specifically, Appellant 
maintains that the sentence is grossly disproportionate to the crime. We do not 
reach these points because we agree with the State that Appellant has failed 
to preserve error on these points. 
        At the conclusion of the punishment phase of Appellant’s aggravated 
sexual assault trial, the court considered the State’s petition to adjudicate 
Appellant’s guilt in the theft offense. The trial court considered the State’s 
petition and the evidence offered in the aggravated sexual assault trial, and it 
found Appellant guilty of felony theft of property over $100,000 in value. After 
hearing a brief argument from Appellant’s counsel, the court sentenced 
Appellant to twenty years’ confinement. The court asked, “Is there any legal 
reason sentence should not be pronounced at this time?” Appellant’s counsel 
replied, ”No.” Appellant, therefore, has raised his complaints concerning the 
constitutionality of his sentence for the first time on appeal. 
        To preserve a complaint for our review, a party must have presented to 
the trial court a timely request, objection, or motion that states the specific 
grounds for the desired ruling if those grounds are not apparent from the 
context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999). Appellant’s failure to explicitly object to his 
sentence at the time it was pronounced resulted in a waiver of his 
constitutional claims. See Tex. R. App. P. 33.1(a)(1); Curry v. State, 910 
S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding complaint that death 
sentence violated constitutional prohibition against cruel and unusual 
punishment contained in Eighth and Fourteenth Amendments waived by failure 
to object in trial court); Smith v. State, 10 S.W.3d 48, 49 (Tex. 
App.—Texarkana 1999, no pet.) (holding defendant waived Eighth Amendment 
claim when he failed to object to the sentence imposed); Yatalese v. State, 991 
S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (holding 
complaint that sentence was grossly disproportionate in violation of state and 
United States constitutions waived by failure to object in trial court). 
Accordingly, we overrule Appellant’s second and third points. 
Conclusion
        Having overruled Appellant’s three points, we affirm the trial court’s 
judgments.

                                                          ANNE GARDNER 
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; DAY and GARDNER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 9, 2003