MARKS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-02-367-CR 

       2-02-368-CR

TOMMY ANSEL MARKS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tommy Ansel Marks appeals his convictions for the offenses of theft between $100,000 and $200,000 and aggravated sexual assault of a child under fourteen years old.  He received sentences of twenty and forty-five years’ confinement, respectively, with the sentences to be served concurrently. Appellant raises three points on appeal, arguing that the trial court abused its discretion by failing to hold a hearing on his motion for new trial on the aggravated sexual assault offense and that his twenty-year sentence for the theft offense is unconstitutional under both the state and federal constitutions.  We will affirm.

Factual and Procedural Background

Because sufficiency of the evidence is not at issue, we need only briefly discuss the facts of this case.  On February 27, 1998, Appellant pleaded guilty to the offense of theft of an amount between $100,000 and $200,000, in exchange for the State’s recommended sentence of four years’ deferred adjudication and restitution in an amount to be determined.
(footnote: 2) 
 The State filed petitions to adjudicate Appellant’s guilt on October 25, 2001 and December 18, 2001, alleging, among other things, that he had violated the terms and conditions of his probation by committing the offense of aggravated sexual assault of a child under fourteen years of age on October 7, 2001.  Soon thereafter, the State charged Appellant by indictment for the aggravated sexual assault of D.S., a child under fourteen years old. 

After Appellant pleaded not guilty to the sexual assault charge, the State tried the case to a jury.  Among other evidence, the State offered the testimony of thirteen year old D.S., who testified that Appellant sexually assaulted her and described the circumstances surrounding the assault.  The State also presented DNA evidence and expert testimony concerning the likelihood that Appellant’s DNA matched the DNA collected from him and D.S.  After hearing and considering all of the evidence presented, the jury found Appellant guilty of the offense of aggravated sexual assault.  The court assessed Appellant’s punishment at forty-five years’ confinement and then began consideration of the State’s pending petition to proceed to adjudication for the theft offense. The court found Appellant guilty. 

Hearing on Appellant’s Motion for New Trial

Appellant timely filed a motion for new trial concerning his aggravated sexual assault trial, alleging that (1) there was insufficient evidence of his guilt, (2) the trial court erred in failing to grant his motion for directed verdict at the conclusion of the State’s case-in-chief, (3) the trial court erred in denying his motion to quash the indictment, (4) the trial court erred in failing to grant his motion for mistrial, and (5) the jury engaged in misconduct, such that he did not receive a fair and impartial trial.  In his first point, Appellant complains that the trial court abused its discretion by not holding a hearing on his motion for new trial.  Specifically, Appellant argues that his motion should have been heard because it asserted jury misconduct, grounds that he contends were not readily determinable from the record.  
See
 
Tex. R. App. P.
 21.3(g) (listing jury misconduct as a ground for a new trial).  We disagree.

In addressing Appellant’s first point, we must determine “whether, on this record, the trial court could have reasonably denied [A]ppellant a hearing on his motion for new trial.”  
Wallace v. State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).  The purpose of the hearing is to allow a defendant an opportunity to develop the matters raised in his or her motion.  
Id
.; 
Martinez v. State
, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002).  We review the trial court’s denial of Appellant’s request for a hearing on his motion for new trial under an abuse of discretion standard.  
Wallace
, 106 S.W.3d at 108; 
Martinez
, 74 S.W.3d at 22.

An evidentiary hearing on a defendant’s motion for new trial is necessary only if the motion and accompanying affidavit(s) “rais[e] matters not determinable from the record, upon which the accused could be entitled to relief.”  
Wallace
, 106 S.W.3d at 108 (citing 
Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)); 
see Mallet v. State
, 9 S.W.3d 856, 868 (Tex. App.—Fort Worth 2000, no pet.).  However, “[t]o be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit(s) ‘need not establish a prima facie case’ for a new trial.”  
Wallace
, 106 S.W.3d at 108 (citing 
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)).  Instead, they “must merely reflect that reasonable grounds exist for holding that such relief could be granted.”  
Id
. (citing 
Martinez
, 74 S.W.3d at 22).  

We agree with the State that because the first four grounds set forth in Appellant’s motion present matters that are determinable from the record, the trial court did not abuse its discretion by failing to conduct a hearing on those allegations.  
See
 
Wallace
, 106 S.W.3d at 108; 
Reyes
, 849 S.W.2d at 816. With respect to the alleged jury misconduct, Appellant’s complaint focuses on information brought to the court’s attention by a juror after trial had begun. Appellant did not attach any affidavits to his motion for new trial; however, his verified motion included facts about alleged jury misconduct occurring during the course of the trial.  
See Daniels v. State
, 63 S.W.3d 67, 70 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (stating requirement that motion for new trial must be supported by an affidavit or sworn facts specifically showing the truth of the grounds alleged as a basis for a new trial). 

Appellant’s motion refers to the following exchange in the record between Juror Howard and the trial court.  After the State’s direct examination of D.S., Juror Howard asked to speak to the trial court in private.  Juror Howard informed the court that, while he did not know D.S., he had seen her in his neighborhood.  Juror Howard also stated his belief that D.S. looked at him like she had seen him before.  The trial court asked Juror Howard if he could follow the court’s instruction that even if he recognized a person he had seen or known of outside the courtroom, the law prohibited consideration of anything he had seen or heard about them outside the courtroom.  Juror Howard responded that he could follow the court’s instruction.  

The court further inquired, “If all you do is recognize her, you have no close acquaintance, she’s not family?”  Juror Howard replied, “No,” and he agreed that D.S. was just one of the neighborhood kids that he had seen before.  Juror Howard again agreed with the court that he could follow the instruction that because D.S. was a witness, he had to judge her testimony based on what was presented at trial and that he would not let any outside memories, albeit good, bad, or indifferent, affect him.  Juror Howard then returned to his seat, and trial resumed.  Appellant did not object to Juror Howard serving on the jury. 

In his motion for new trial, Appellant asserted that because the jury deliberated for eleven hours and indicated that they were deadlocked on three occasions before reaching a guilty verdict, “[i]t appears that there was jury misconduct that resulted in a ‘guilty’ verdict against [Appellant].”  Appellant concluded his motion by requesting that a new trial be granted on the basis of the alleged misconduct or that he be afforded the opportunity to contact and question each juror to determine whether any misconduct actually occurred. 

Generally, we presume a jury follows the trial court’s instructions.  
Colburn v. State
, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Here, Juror Howard stated that he would follow the trial court’s instructions concerning D.S.’s testimony.  Moreover, Appellant’s motion for new trial failed to specify what, if any, jury misconduct occurred, and his motion was unaccompanied by affidavits or sworn facts demonstrating that jury misconduct had in fact deprived Appellant of a fair and impartial trial.  
See King v. State
, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000) (holding that bare assertions in verified motion for new trial failed to establish facts entitling appellant to a new trial; thus, the trial court did not err in refusing to hold a hearing); 
see also Thomas v. State
, 84 S.W.3d 370, 372 (Tex. App.—Beaumont 2002, pet. ref’d) (holding trial court did not abuse its discretion in overruling appellant’s motion for new trial based on alleged jury misconduct where record did not “reveal any outside influence that was improperly brought to bear on any juror”).  

Thus, we hold that Appellant did not meet his burden of showing that reasonable grounds existed for holding that relief could be granted on his motion.  
See Wallace
, 106 S.W.3d at 108.  Accordingly, we cannot say that the trial court abused its discretion in refusing to conduct a hearing on Appellant’s motion for new trial based on alleged jury misconduct, and we therefore overrule his first point.

Constitutionality of Sentence

In his second and third points, Appellant complains that the twenty-year sentence assessed against him for the theft offense violated his protection from cruel and unusual punishment under the federal and state constitutions.  
See
 
U.S. Const. 
amends. VIII, XIV;
 Tex. Const. 
 art. I, § 13.  Specifically, Appellant maintains that the sentence is grossly disproportionate to the crime.  We do not reach these points because we agree with the State that Appellant has failed to preserve error on these points.

At the conclusion of the punishment phase of Appellant’s aggravated sexual assault trial, the court considered the State’s petition to adjudicate Appellant’s guilt in the theft offense.  The trial court considered the State’s petition and the evidence offered in the aggravated sexual assault trial, and it found Appellant guilty of felony theft of property over $100,000 in value.  After hearing a brief argument from Appellant’s counsel, the court sentenced Appellant to twenty years’ confinement.  The court asked, “Is there any legal reason sentence should not be pronounced at this time?”  Appellant’s counsel replied, ”No.”  Appellant, therefore, has raised his complaints concerning the constitutionality of his sentence for the first time on appeal.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Appellant’s failure to explicitly object to his sentence at the time it was pronounced resulted in a waiver of his constitutional claims.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Curry v. State,
 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding complaint that death sentence violated constitutional prohibition against cruel and unusual punishment contained in Eighth and Fourteenth Amendments waived by failure to object in trial court); 
Smith v. State
, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (holding defendant waived Eighth Amendment claim when he failed to object to the sentence imposed); 
Yatalese v. State
, 991 S.W.2d 509, 511 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d) (holding complaint that sentence was grossly disproportionate in violation of state and United States constitutions waived by failure to object in trial court).  Accordingly, we overrule Appellant’s second and third points.

Conclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  October 9, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
According to the indictment, Appellant appropriated a truck containing alcoholic beverages.