# NO. 12-09-00221-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRELL FRANKLIN LEE,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Darrell Franklin Lee appeals his conviction for indecency with a child by contact. He raises two issues on appeal. We affirm.

### BACKGROUND

In September, 2007, Appellant's four year old biological daughter, A.L., and her two siblings visited Appellant at his home for an overnight stay. Appellant and A.L.'s mother were in the process of obtaining a divorce at the time. Following A.L.'s stay at Appellant's home, she made an outcry to her mother that Appellant touched her in her "wrong spot." After the allegations were further investigated and developed by the Smith County Sheriff's Department, with the assistance of the Children's Advocacy Center, Appellant was arrested and indicted for indecency with a child by contact. At trial, the jury convicted Appellant of the charged offense and assessed punishment at twenty years of imprisonment and a $10,000.00 fine. Appellant timely filed a motion for new trial, which was denied by a written order of the trial court. He timely appealed.

### DENIAL OF NEW TRIAL HEARING

In his first issue, Appellant argues that the trial court abused its discretion when it denied a hearing on his motion for new trial alleging jury misconduct.

## Standard of Review

We review the trial court's denial of a hearing on a motion for new trial for abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). An appellate court should not substitute its judgment for that of the trial court; rather, it should decide whether the trial court's decision was arbitrary or unreasonable. *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*

The purpose of a hearing on a motion for new trial is to (1) decide whether a cause should be retried and (2) prepare a record for presenting appellate issues if the motion is denied. *Smith*, 286 S.W.3d at 338. A hearing on a motion for new trial is not an absolute right and is not required when the matters raised in the motion are determinable from the record. *Id.* In addition, when a matter is not determinable from the record, no hearing is required unless the complaining party establishes the existence of "reasonable grounds" showing that he would be entitled to relief. *Id.* at 339.

## Applicable Law

In an effort to impeach a jury verdict, a defendant is not entitled to a "fishing expedition" into supposed jury misconduct. *See Dugard v. State*, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985), *overruled on other grounds*, *Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); *see also Reed v. State*, 841 S.W.2d 55, 57 (Tex. App.–El Paso 1992, pet. ref'd).

To support a motion for new trial based on jury misconduct, the affidavit of a juror may be used to verify the misconduct. *See Tinker v. State*, 148 S.W.3d 666, 673 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 368-72 (Tex. 2000)). However, a juror is strictly prohibited from testifying, by affidavit or live testimony, about any matter or statement that occurred during jury deliberations, or about the effect of anything on the juror's mind. TEX. R. EVID. 606(b); *Tinker*, 148 S.W.3d at 673. An exception to this rule applies if the juror is testifying about "outside influences" that may have affected the outcome of the case. TEX. R. EVID. 606(b). To constitute "outside influences," the information must have come from a source outside both the jury room and the jurors, i.e., a nonjuror who introduces information affecting the verdict. *See White v. State*, 225 S.W.3d 571, 574 (Tex. Crim. App. 2007); *see also Golden Eagle*, 24 S.W.3d at 370.

**Discussion**

Appellant argues that he was entitled to a new trial hearing due to juror misconduct. *See* TEX. R. APP. P. 21(c), (g). In support of his motion, Appellant attached the affidavit of juror Betty Hicks. In her affidavit, Juror Hicks stated that she believed Appellant was not guilty and disbelieved the testimony of the alleged victim in the case. She stated further that "once my opinion was expressed in the jury room other jurors began to intimidate me in a derogatory fashion until I agreed to vote in favor of guilt." She then stated that she would have voted not guilty but for the misconduct of the other jurors.

The affidavit or testimony of any juror, including Juror Hicks, would have been inadmissible at a new trial hearing because such evidence does not show an "outside influence." *See* TEX. R. EVID. 606(b); *see also* **Thomas v. State**, 84 S.W.3d 370, 371 (Tex. App.–Beaumont 2002, pet. ref'd) (holding inadmissible juror's affidavit alleging that she was "pulled up" in her chair, foreman refused to submit her question to court, and jurors were "hollering" and acting violently, because source of allegations was jurors themselves and not an outside influence); **Hart v. State**, 15 S.W.3d 117, 122, 124 (Tex. App.–Texarkana 2000, pet. ref'd) (holding purported coercion by other jurors to reach a guilty verdict was not an outside influence). Therefore, Appellant did not demonstrate reasonable grounds to support a new trial hearing.

Appellant nevertheless asks that we "not make assumptions as to [ ] what that record might have [included had the trial court held a hearing on the motion for new trial] . . . and instead . . . hold that because Appellant timely filed and presented a statutorily correct Motion for New Trial that included a request for an evidentiary hearing, the trial court abused its discretion when it denied that Motion." However, Appellant's argument that he be afforded the opportunity to discover admissible evidence to impeach a jury verdict is a fishing expedition and an improper purpose of a new trial hearing. *See* **Smith**, 286 S.W.3d at 339 (disapproving of using new trial hearings as fishing expeditions).

Under the circumstances presented in this case, the trial court did not abuse its discretion in denying Appellant's request for a hearing on his motion for new trial. Appellant's first issue is overruled.

3

## PUNISHMENT INSTRUCTION

In his second issue, Appellant contends that the parole and good time credit jury instruction was erroneous and egregiously harmed him.

### Standard of Review and Applicable Law

The function of the jury charge is to inform the jury of the applicable law and to guide the jury in its application of the law to the case that the jury must decide. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). When reviewing a jury charge, we first determine whether error exists and, if error does exist, we address whether the harm caused by the error warrants reversal. *Id.* at 170-71.

Appellant was charged by indictment with indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009). Indecency with a child by contact is a "3g" offense subject to a more stringent parole and good time credit instruction than other less serious offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1)(C) (Vernon Supp. 2009). When a defendant is charged with a "3g" offense, the relevant portion of the correct parole and good time credit provision in the court's charge should read as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn.

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a) (Vernon Supp. 2009).

Where, as here, a defendant does not object to the jury charge, reversible error exists only if the record shows a defendant has suffered not only actual harm, but egregious harm resulting from the incorrect charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (establishing proper standard of review for jury charge error in absence of objection to jury charge). Egregious harm arises if the error is so severe that it deprived the accused of a fair and impartial trial. *Id.* In determining whether egregious harm exists, we consider the following factors: (1) the entire jury charge, (2) the state of the evidence, (3) the arguments of counsel, and (4) any other relevant information in the record as a whole. *Id.* Egregious harm is a difficult standard to prove and such determination must be done on a case-by-case basis. *Hutch*, 922 S.W.2d at 171.

**Discussion**

In the punishment phase of Appellant's trial, the trial court charged the jury, in relevant part, as follows:

> Under the law applicable in this case, if [Appellant] is sentenced to a term of imprisonment, he will not become eligible for release on parole until [Appellant's] actual calendar time served plus good conduct time, equals one-fourth of the sentence or 15 calendar years, whichever is less.

Since the jury convicted Appellant of indecency with a child by contact and sentenced him to twenty years of imprisonment, the trial court's charge incorrectly stated that Appellant would be eligible for parole after serving one-fourth of his sentence. The correct charge should have stated that he must serve one-half of his sentence before he would become eligible for parole. *Compare* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a) *with* art. 37.07 § 4(b). Therefore, the trial court erred in submitting the quoted instruction.

However, Appellant did not object to the submission of this instruction. Accordingly, to determine whether reversible error exists, we must determine whether the inclusion of the instruction caused Appellant egregious harm. *See **Richardson v. State***, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993).

Examining the punishment charge itself, the objectionable portion of the instruction was two lines of the entire charge. The charge was otherwise unobjectionable and contained common punishment instructions. In fact, several of these instructions are mandated by the Texas Legislature. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 §§ 4(a)-(c). Neither the State nor Appellant's trial counsel mentioned parole or good time credit during their jury arguments. In addition, the trial court's charge also contained the "standard curative language" admonishing the jury not to consider the extent to which the parole law might be applied to Appellant. *See **Igo v. State***, 210 S.W.3d 645, 647 (Tex. Crim. App. 2007). Finally, the evidence relating to punishment was strong. The jury determined that Appellant engaged in sexual contact with his four year old biological daughter. The State developed expert testimony that, as a result of Appellant's actions, A.L. will have psychological damage for the rest of her life.

After considering the above factors and the evidence related to each factor as a whole, we cannot conclude that the charge error was so severe that it deprived Appellant of a fair and impartial trial. Accordingly, we hold that the inclusion of the instruction in the jury charge does

5

not amount to egregious harm.  *See **id.**; see also **Garcia v. State***, No. 12-07-00207-CR, 12-07-00208-CR, 12-07-00209-CR, 12-07-00210-CR, 12-07-00211-CR, 2008 WL 541786, at *2-3 (Tex. App.–Tyler Feb. 29, 2008, pet. stricken) (mem. op., not designated for publication). Appellant's second issue is overruled.

### DISPOSITION

We *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)