NO.
12-09-00221-CR

IN THE COURT OF APPEALS 

TWELFTH
COURT OF APPEALS DISTRICT

TYLER, TEXAS

DARRELL
FRANKLIN LEE,                        §                   APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







MEMORANDUM OPINION

Darrell
Franklin Lee appeals his conviction for indecency with a child by contact.  He
raises two issues on appeal.  We affirm.

Background

In September, 2007,
Appellant’s four year old biological daughter, A.L., and her two siblings
visited Appellant at his home for an overnight stay.  Appellant and A.L.’s
mother were in the process of obtaining a divorce at the time.  Following
A.L.’s stay at Appellant’s home, she made an outcry to her mother that
Appellant touched her in her “wrong spot.”  After the allegations were further
investigated and developed by the Smith County Sheriff’s Department, with the
assistance of the Children’s Advocacy Center, Appellant was arrested and
indicted for indecency with a child by contact.  At trial, the jury convicted
Appellant of the charged offense and assessed punishment at twenty years of
imprisonment and a $10,000.00 fine.  Appellant timely filed a motion for new
trial, which was denied by a written order of the trial court.  He timely
appealed.

  

Denial
of New Trial Hearing

            In his first issue,
Appellant argues that the trial court abused its discretion when it denied a
hearing on his motion for new trial alleging jury misconduct. 

 

Standard of Review

We review the trial
court’s denial of a hearing on a motion for new trial for abuse of discretion.  Smith
v. State, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).  An appellate
court should not substitute its judgment for that of the trial court; rather,
it should decide whether the trial court’s decision was arbitrary or
unreasonable.  See Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim.
App. 2006). A trial court abuses its discretion in denying a motion for new
trial only when no reasonable view of the record could support the trial court’s
ruling.  Id.

The purpose of a
hearing on a motion for new trial is to (1) decide whether a cause should be
retried and (2) prepare a record for presenting appellate issues if the motion
is denied.  Smith, 286 S.W.3d at 338.  A hearing on a motion for
new trial is not an absolute right and is not required when the matters raised
in the motion are determinable from the record. Id.  In addition,
when a matter is not determinable from the record, no hearing is required
unless the complaining party establishes the existence of “reasonable grounds”
showing that he would be entitled to relief.  Id. at 339.

Applicable Law

            In an effort to impeach a
jury verdict, a defendant is not entitled to a “fishing expedition” into
supposed jury misconduct.  See Dugard v. State, 688 S.W.2d 524,
528 (Tex. Crim. App. 1985), overruled on other grounds, Williams
v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); see also Reed
v. State, 841 S.W.2d 55, 57 (Tex. App.–El Paso 1992, pet. ref’d).

To support a motion for
new trial based on jury misconduct, the affidavit of a juror may be used to
verify the misconduct.  See Tinker v. State, 148 S.W.3d 666, 673
(Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing Golden Eagle
Archery, Inc. v. Jackson, 24 S.W.3d 362, 368-72 (Tex. 2000)).  However,
a juror is strictly prohibited from testifying, by affidavit or live testimony,
about any matter or statement that occurred during jury deliberations, or about
the effect of anything on the juror’s mind.  Tex.
R. Evid. 606(b); Tinker, 148 S.W.3d at 673.  An exception
to this rule applies if the juror is testifying about “outside influences” that
may have affected the outcome of the case.  Tex.
R. Evid. 606(b).  To constitute “outside influences,” the information
must have come from a source outside both the jury room and the jurors, i.e., a
nonjuror who introduces information affecting the verdict.  See White v.
State, 225 S.W.3d 571, 574 (Tex. Crim. App. 2007); see also Golden
Eagle, 24 S.W.3d at 370.

 

Discussion

Appellant argues that
he was entitled to a new trial hearing due to juror misconduct.  See Tex. R. App. P. 21(c), (g).  In support
of his motion, Appellant attached the affidavit of juror Betty Hicks. In her
affidavit, Juror Hicks stated that she believed Appellant was not guilty and
disbelieved the testimony of the alleged victim in the case.  She stated further
that “once my opinion was expressed in the jury room other jurors began to
intimidate me in a derogatory fashion until I agreed to vote in favor of
guilt.”  She then stated that she would have voted not guilty but for the
misconduct of the other jurors.

The affidavit or
testimony of any juror, including Juror Hicks, would have been inadmissible at
a new trial hearing because such evidence does not show an “outside influence.”
 See Tex. R. Evid. 606(b);
see also Thomas v. State, 84 S.W.3d 370, 371 (Tex. App.–Beaumont
2002, pet. ref’d) (holding inadmissible juror’s affidavit alleging that she was
“pulled up” in her chair, foreman refused to submit her question to court, and
jurors were “hollering” and acting violently, because source of allegations was
jurors themselves and not an outside influence); Hart v. State,
15 S.W.3d 117, 122, 124 (Tex. App.–Texarkana 2000, pet. ref'd) (holding
purported coercion by other jurors to reach a guilty verdict was not an outside
influence).  Therefore, Appellant did not demonstrate reasonable grounds to
support a new trial hearing. 

Appellant nevertheless
asks that we “not make assumptions as to [ ] what that record might have [included
had the trial court held a hearing on the motion for new trial] . . . and
instead . . . hold that because Appellant timely filed and presented a
statutorily correct Motion for New Trial that included a request for an
evidentiary hearing, the trial court abused its discretion when it denied that
Motion.”  However, Appellant’s argument that he be afforded the opportunity to
discover admissible evidence to impeach a jury verdict is a fishing expedition
and an improper purpose of a new trial hearing.  See Smith, 286
S.W.3d at 339 (disapproving of using new trial hearings as fishing expeditions).


Under the circumstances
presented in this case, the trial court did not abuse its discretion in denying
Appellant’s request for a hearing on his motion for new trial.  Appellant’s
first issue is overruled.

 

 

 

Punishment
Instruction

            In his second issue,
Appellant contends that the parole and good time credit jury instruction was
erroneous and egregiously harmed him.

Standard of Review and Applicable Law

The function of the
jury charge is to inform the jury of the applicable law and to guide the jury
in its application of the law to the case that the jury must decide.  Hutch
v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  When reviewing a
jury charge, we first determine whether error exists and, if error does exist,
we address whether the harm caused by the error warrants reversal.  Id.
at 170-71.

Appellant was charged
by indictment with indecency with a child by contact.  See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon
Supp. 2009).  Indecency with a child by contact is a “3g” offense subject to a
more stringent parole and good time credit instruction than other less serious offenses.
 See Tex. Code Crim. Proc. Ann.
art. 42.12 § 3g(a)(1)(C) (Vernon Supp. 2009).  When a defendant is charged with
a “3g” offense, the relevant portion of the correct parole and good time credit
provision in the court’s charge should read as follows: 

 

Under the law
applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served equals one-half of the sentence imposed or 30 years, whichever is less,
without consideration of any good conduct time he may earn. 

 

 

Tex. Code Crim.
Proc. Ann. art. 37.07 § 4(a) (Vernon Supp. 2009).

Where, as here, a
defendant does not object to the jury charge, reversible error exists only if
the record shows a defendant has suffered not only actual harm, but egregious
harm resulting from the incorrect charge.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984) (establishing proper standard of review
for jury charge error in absence of objection to jury charge).  Egregious harm
arises if the error is so severe that it deprived the accused of a fair and
impartial trial.  Id. In determining whether egregious harm
exists, we consider the following factors: (1) the entire jury charge, (2) the
state of the evidence, (3) the arguments of counsel, and (4) any other relevant
information in the record as a whole.  Id.  Egregious harm is a
difficult standard to prove and such determination must be done on a
case-by-case basis.  Hutch, 922 S.W.2d at 171.

 

Discussion

In the punishment phase
of Appellant’s trial, the trial court charged the jury, in relevant part, as
follows:

 

Under the law
applicable in this case, if [Appellant] is sentenced to a term of imprisonment,
he will not become eligible for release on parole until [Appellant’s] actual
calendar time served plus good conduct time, equals one-fourth of the sentence
or 15 calendar years, whichever is less.

 

 

Since the jury convicted Appellant of
indecency with a child by contact and sentenced him to twenty years of
imprisonment, the trial court’s charge incorrectly stated that Appellant would
be eligible for parole after serving one-fourth of his sentence.  The correct
charge should have stated that he must serve one-half of his sentence before he
would become eligible for parole.  Compare Tex. Code Crim. Proc. Ann. art. 37.07 § 4(a) with art.
37.07 § 4(b).  Therefore, the trial court erred in submitting the quoted
instruction.

However, Appellant did
not object to the submission of this instruction.  Accordingly, to determine
whether reversible error exists, we must determine whether the inclusion of the
instruction caused Appellant egregious harm.  See Richardson v. State,
879 S.W.2d 874, 882 (Tex. Crim. App. 1993).

Examining the punishment
charge itself, the objectionable portion of the instruction was two lines of
the entire charge. The charge was otherwise unobjectionable and contained
common punishment instructions.  In fact, several of these instructions are
mandated by the Texas Legislature.  See Tex. Code Crim. Proc. Ann. art. 37.07 §§ 4(a)-(c).  Neither
the State nor Appellant’s trial counsel mentioned parole or good time credit during
their jury arguments.  In addition, the trial court’s charge also contained the
“standard curative language” admonishing the jury not to consider the extent to
which the parole law might be applied to Appellant.  See Igo v. State,
210 S.W.3d 645, 647 (Tex. Crim. App. 2007).  Finally, the
evidence relating to punishment was strong.  The jury determined that Appellant
engaged in sexual contact with his four year old biological daughter.  The
State developed expert testimony that, as a result of Appellant’s actions, A.L.
will have psychological damage for the rest of her life.

After considering the
above factors and the evidence related to each factor as a whole, we cannot
conclude that the charge error was so severe that it deprived Appellant of a
fair and impartial trial.  Accordingly, we hold that the inclusion of the
instruction in the jury charge does not amount to egregious harm.  See id.;
see also Garcia v. State, No. 12-07-00207-CR, 12-07-00208-CR,
12-07-00209-CR, 12-07-00210-CR, 12-07-00211-CR, 2008 WL 541786, at *2-3 (Tex.
App.–Tyler Feb. 29, 2008, pet. stricken) (mem. op., not designated for
publication).  Appellant’s second issue is overruled.

 

Disposition

            We affirm the
judgment of the trial court.

 

                                                                                                Brian Hoyle

                                                                                                       
Justice

 

 

 

Opinion
delivered May 12, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)