**Motion for Rehearing Granted; Memorandum Opinion and Judgment issued February 21, 2013, Withdrawn and Vacated, Appeal Reinstated; Order filed April 25, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00895-CR

_____

## JOE ANTHONY MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 765967**

# ORDER

This is an appeal from an order denying appellant's motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. Appellant's appointed counsel filed a brief in which she concluded that the appeal is wholly frivolous and without merit. *See Anders v. California*, 386

U.S. 738, 87 S.Ct. 1396 (1967).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). When no response was filed after sixty days, this court reviewed the record and counsel's brief. On February 21, 2013, the court issued its memorandum opinion and judgment affirming the trial court's order.

On March 25, 2013, after being granted an extension of time, appellant filed a *pro se* motion for rehearing. In his motion for rehearing, appellant asserts that he mailed a responsive brief on February 4, 2012, but it was returned to him because it was mailed to this court's former address. Appellant also filed a motion to supplement the record, abate for a ruling on the merits of appellant's motion for new trial, to review the prosecutor's file, and for copies of his original trial records.

The court requested a response to appellant's motion for rehearing. *See* Tex. R. App. P. 49.2 (stating a motion for rehearing will not be granted unless a response has been filed or requested by the court). On April 12, 2013, the State filed its response.

We **GRANT** appellant's motion for rehearing so that he may file a *pro se* response to counsel's *Anders* brief. We **DENY** appellant's motion to supplement the record, abate for a ruling on the merits of his motion for new trial, to review the prosecutor's file, and for copies of his original trial records. A ruling on the merits of appellant's motion for new trial is not required because the motion was overruled by operation of law, and appellant has not demonstrated that a hearing is required. *See Wallace v. State,* 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *see also* Tex. R. App. P. 21.8(c). Appellant's other requests relate to his original conviction. An appellant may not use Chapter 64 to collaterally attack the

sufficiency of evidence to support his conviction or to attack his trial attorney's effectiveness. *See State v. Holloway,* 360 S.W.3d 480, 488-90 (Tex. Crim. App. 2012) (holding Chapter 64 provides a mechanism for post-conviction DNA testing and the trial court may not grant any other form of relief).

We **ORDER** this court's memorandum opinion and judgment issued February 21, 2013, **WITHDRAWN and VACATED.** The appeal is **REINSTATED.** Appellant is granted an extension of time to file a *pro se* response to counsel's *Anders* brief until **May 30, 2013.**

PER CURIAM

Panel consists of Justices Frost, Brown, and Busby.