Affirmed and Memorandum Opinion filed January 20, 2004









Affirmed and Memorandum Opinion filed January 20,
2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-00377-CR

____________

 

SHANNON EUGENE MOSES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 785,631

 



 

M E M O R A N D U M  
O P I N I O N








The jury found appellant guilty of bribery and the trial
court assessed punishment at five years= confinement, probated for a
period of five years, and an $800.00 fine. 
In an unpublished opinion, this court sustained appellant=s first point of error and
reversed the judgment of the trial court. 
Upon discretionary review, the Court of Criminal Appeals reversed our
decision and remanded for consideration of appellant=s remaining points of
error.  On remand, we consider appellant=s remaining two points of
error: (1) whether the trial court abused its discretion in denying appellant=s motion for a mistrial after
the jury indicated it was deadlocked; and (2) whether the trial court abused
its discretion in denying appellant=s motion for new trial based on
newly discovered evidence.  We
affirm.  

FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 1998, appellant allegedly attempted to bribe a
Harris County deputy constable in order to receive preferential treatment as a
wrecker driver.[1]  Later that month, appellant=s wife complained to a
lieutenant that another wrecker driver had received preferential treatment, but
she did not file a formal complaint.  On
June 9, 1998, a charge was filed against appellant.  At trial, appellant denied that charge and contended
that it had been fabricated in retaliation for his wife=s informal complaint.

During deliberations, the jurors indicated they were
deadlocked.  The trial court gave the
jurors an Allen charge  and sent
them back for further deliberation.  They
subsequently found appellant guilty of bribery.

After the trial, one of the jurors contacted the trial judge
about a conversation she had overheard. 
In the conversation, one of the constables who had testified against
appellant reportedly said, A[R]evenge
is sweet, isn=t it.@  The juror testified to this statement at a
hearing on appellant=s motion for new trial, but the
motion was denied.

ANALYSIS

I.        Jury
deadlock.

In his first remaining point of error, appellant contends
the trial court abused its discretion in denying his motion for a mistrial
after the jurors indicated they were deadlocked.  The trial court instead gave them an Allen
charge and ordered them to deliberate further.








A trial court may in its discretion discharge a jury Awhere it has been kept together
for such time as to render it altogether improbable that it can agree.@  Tex.
Code Crim. Proc.  art. 36.31.  The length of time a jury may be held for
deliberations rests within the discretion of the trial court.  Montoya v. State, 810 S.W.2d 160, 166
(Tex. Crim. App. 1989).  AThe trial court is not bound to
declare mistrial at the first sign of jury impasse.@  Howard v. State, 941 S.W.2d 102, 121
(Tex. Crim. App. 1996).

The testimony in this case spanned three days and lasted at
least four and one-half hours.[2]  The jury had deliberated for approximately
eight hours and fifteen minutes before indicating that it was deadlocked.[3]  After the Allen charge was given, the
jury deliberated approximately another hour and fifteen minutes before reaching
its verdict.  These times alone do not
indicate any abuse of discretion by the trial court in ordering the jury to
continue deliberations. 

The evidence also indicated that further progress by the
jury was possible.  Throughout
deliberations, the jury made six requests to the trial court regarding disputed
testimony.  These requests demonstrate
that the jurors were not at a deliberate standstill but were actively considering
the relevant evidence.  See Howard,
941 S.W.2d at 122.  The court was within
its discretion in determining that the single note indicating deadlock did not
render it improbable that the jury could reach a verdict.  See id. at 121; Tex. Code Crim. Proc. art. 36.31.  Appellant=s first remaining point of
error is overruled.

 

 








II.       Newly
discovered evidence.

In his second remaining point of error, appellant contends
the trial court abused its discretion in denying his motion for new trial based
on newly discovered evidence.  The new
evidence consisted of the a juror=s testimony that she had
overheard one of the constables who had testified against appellant state, A[R]evenge
is sweet, isn=t it.@[4]

The decision whether to grant a motion for new trial rests
within the discretion of the trial court. 
Jones v. State, 711 S.W.2d 35, 36 (Tex. Crim.
App. 1986).  To obtain a new trial on
grounds of newly discovered evidence, a defendant must establish (1) the
evidence was unknown to him at the time of trial; (2) his failure to discover
the evidence was not due to his lack of due diligence; (3) the evidence is
admissible and not merely cumulative, corroborative, collateral, or impeaching;
and (4) the evidence is probably true and will probably bring about a different
result in a new trial.  Wallace v.
State, 106 S.W.3d 103, 108 (Tex. Crim. App.
2003).  Motions for new trial based on
newly discovered evidence are generally not favored by the courts and are viewed
with great caution.  Drew v. State,
743 S.W.2d 207, 225 (Tex. Crim. App. 1987). 








The trial court would have been within its discretion in
determining that the newly discovered evidence probably would not have brought
about a different result.  The juror
testified that she did not know the context of the statement or whether it even
referred to the case against appellant. 
Although she testified that she believed the statement should have been
made known to the other jurors, she stated that it did not have any impact on
her view of the evidence.  Further, the
jury was unanimous in finding against appellant despite the juror=s repetition of the comment to
two other jurors. 

Appellant contends that his right to confront the witnesses
against him was violated, but he was allowed to cross-examine the officer
regarding his testimony at trial.[5]  Although the newly discovered evidence might
cast doubt on his testimony, evidence which is merely impeaching will not
warrant a new trial.  See Wallace,
106 S.W.3d at 108.  Appellant=s second remaining point of
error is overruled.

The judgment of the trial court is affirmed.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed January 20, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  The facts
underlying the bribery charge have been more fully recited in previous
opinions.  See Moses v. State,
105 S.W.3d 622, 624B25 (Tex. Crim. App. 2003); Moses
v. State, No. 14‑99‑00377‑CR, 2001 WL 931179, at *1B2 (Tex. App.CHouston
[14th Dist.] Aug. 16, 2001) (not designated for publication), rev=d, 105
S.W.3d 622 (2003).  The additional facts
are not pertinent to the issues involved here. 





[2]  The trial
court=s docket omitted the starting times of two instances
of testimony, so they are not included in the four and one-half hour
calculation.  Based on the length of the
transcript of those instances in the record, the actual time of testimony
appears to be closer to six and one-half hours.





[3]  The record is
silent as to the exact time the jury indicated it was deadlocked.  The note appears to have been delivered at
some point between 1:45 p.m., when the jury returned from lunch, and 4:20 p.m.,
when the note was file-stamped.  The
possible variance of approximately two and one-half hours does not affect our
decision. 





[4]  At the hearing
on the motion for new trial, the juror testified,

A.         I,
we were on a break and I came out of the jury room and I was walking down the
hall to use the rest room and just before I approached the rest room, there
were three officers sitting on the bench and there was one standing against the
wall.

Q.         Now,
were they officers connected with the trial of [appellant]?

A.         Yes.  Yes, they were all officers that are involved
in this matter.  And I, the officers that
were on the bench, one of the officers made the comment, revenge is sweet; isn=t it.

Q.         And
who did he make that comment to if you know?

A.         To
the other officers.

Q.         All
right.  Go ahead.

A.         And
as I came through and they realized that I was one of the jurors, the
conversation seemed to stop. . . .





[5]  The record
indicates that the officer was a witness during the guilt-innocence phase of
the trial, but the identity of the officer is not apparent from the
record.  Without knowing the identity of
the officer, it is not possible to determine to what extent the officer was
actually cross‑examined as to retaliation.