# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00268-CR

**Cedric Middleton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 2024242, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Cedric Middleton guilty of possessing more than four grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2003). The district court assessed punishment, enhanced by two previous felony convictions, at imprisonment for twenty-six years. In two points of error, appellant contends he received ineffective assistance of counsel and was improperly denied a hearing on his motion for new trial. We overrule these contentions and affirm the conviction.

In point of error one, appellant argues that the court abused its discretion by overruling his motion for new trial without affording him a hearing. Before reaching the merits of this claim, we address the State's suggestion that the motion for new trial was not timely filed. Appellant's sentence was imposed on April 1, 2003, which means that the deadline for filing a motion for new trial was May 1, 2003. Tex. R. App. P. 21.4(a). The copy of the motion that appears

in the clerk's record does not bear a legible file mark. The clerk's cover sheet states that the motion was filed on May 12, which the State notes would make it untimely. In a letter to the Court responding to the State's brief, appellant's counsel states that the motion was filed on April 30, 2003, and that he has in his possession the original file-marked copy showing this. The State has not challenged counsel's assertion. We also note that the court's docket sheet, a copy of which is in the record, reflects that the motion for new trial was filed on April 30. We conclude that the motion was timely filed.

In his motion for new trial, appellant asserted that his trial counsel was ineffective because she failed to file a motion to suppress or otherwise object to the admission of the cocaine that underlies this prosecution, which appellant claimed was unlawfully seized. The district court overruled the motion with a written notation: "No grounds presented which require a hearing and no grounds under Texas or constitutional law requiring a new trial be granted." Appellant urges that the court abused its discretion by overruling the motion without a hearing because the motion and its supporting document raised matters not determinable from the record that, if true, entitled him to relief. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

The cocaine was found during a search of appellant's person incident to his arrest on a warrant. Appellant contended in his motion for new trial that the arrest was unlawful, and therefore the evidence found during the ensuing search was tainted, because the arresting officers did not comply with code of criminal procedure article 15.26. Tex. Code Crim. Proc. Ann. art. 15.26 (West Supp. 2004). This statute provides that "[i]n executing a warrant of arrest, it shall always be made known to the accused under what authority the arrest is made. . . . If the officer does not have

2

the warrant in his possession at the time of arrest he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued." In an unsworn declaration attached to the motion for new trial, appellant stated, "Neither of the officers told me why I was under arrest. He never stated that I had a warrant for anything . . . . I did not find out why I was arrested until I was booked." *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West 1997). Appellant urges that he was entitled to a hearing at which evidence could have been introduced regarding the officers' compliance or noncompliance with article 15.26 and his attorney's failure to pursue this issue.

Appellant's argument is premised on the assumption that a violation of article 15.26 is grounds for suppression of any evidence seized pursuant to the arrest. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2004) (evidence obtained in violation of law shall not be admitted). In *Jones v. State*, however, the court of criminal appeals held that noncompliance with article 15.26 does not render an arrest unlawful, and hence does not require the suppression of evidence seized pursuant to the arrest. 568 S.W.2d 847, 857-58 (Tex. Crim. App. 1978). Appellant acknowledges this, but argues that *Jones* is no longer good law in light of the opinion in *Chavez v. State*, 9 S.W.3d 817 (Tex. Crim. App. 2000). In *Chavez*, the defendant sought to suppress evidence that he sold cocaine to an undercover officer assigned to a multi-county narcotics task force. *Id*. at 818. He sought to invoke article 38.23 because the delivery took place outside the geographical boundaries of the task force. *Id*. The court held that only the parties to the task-force agreement had standing to complain of violations of the agreement. *Id*. at 819.

Article 15.26 was not at issue in *Chavez*. We find nothing in the court's opinion in *Chavez* that causes us to doubt the continuing validity of the holding in *Jones*. Thus, even if a

hearing on appellant's motion for new trial had been held and a violation of article 15.26 had been established, ineffectiveness of counsel would not have been shown because counsel cannot be faulted for failing to make a groundless objection. The district court did not abuse its discretion by concluding that appellant's motion did not raise a matter entitling him to relief and by refusing to conduct a hearing. *See Wallace*, 106 S.W.3d at 108. Point of error one is overruled.

Appellant's second point of error restates the assertion he made in his motion for new trial: that counsel was ineffective because she did not make an article 15.26 objection. For the reason already stated, the point of error is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: April 22, 2004

Do Not Publish