TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00268-CR






Cedric Middleton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 2024242, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Cedric Middleton guilty of possessing more than four grams
of cocaine. See Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2003). The district court
assessed punishment, enhanced by two previous felony convictions, at imprisonment for twenty-six
years. In two points of error, appellant contends he received ineffective assistance of counsel and
was improperly denied a hearing on his motion for new trial. We overrule these contentions and
affirm the conviction.

In point of error one, appellant argues that the court abused its discretion by
overruling his motion for new trial without affording him a hearing. Before reaching the merits of
this claim, we address the State's suggestion that the motion for new trial was not timely filed. 
Appellant's sentence was imposed on April 1, 2003, which means that the deadline for filing a
motion for new trial was May 1, 2003. Tex. R. App. P. 21.4(a). The copy of the motion that appears
in the clerk's record does not bear a legible file mark. The clerk's cover sheet states that the motion
was filed on May 12, which the State notes would make it untimely. In a letter to the Court
responding to the State's brief, appellant's counsel states that the motion was filed on April 30, 2003,
and that he has in his possession the original file-marked copy showing this. The State has not
challenged counsel's assertion. We also note that the court's docket sheet, a copy of which is in the
record, reflects that the motion for new trial was filed on April 30. We conclude that the motion was
timely filed.

In his motion for new trial, appellant asserted that his trial counsel was ineffective
because she failed to file a motion to suppress or otherwise object to the admission of the cocaine
that underlies this prosecution, which appellant claimed was unlawfully seized. The district court
overruled the motion with a written notation: "No grounds presented which require a hearing and
no grounds under Texas or constitutional law requiring a new trial be granted." Appellant urges that
the court abused its discretion by overruling the motion without a hearing because the motion and
its supporting document raised matters not determinable from the record that, if true, entitled him
to relief. See Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

The cocaine was found during a search of appellant's person incident to his arrest on
a warrant. Appellant contended in his motion for new trial that the arrest was unlawful, and
therefore the evidence found during the ensuing search was tainted, because the arresting officers
did not comply with code of criminal procedure article 15.26. Tex. Code Crim. Proc. Ann. art. 15.26
(West Supp. 2004). This statute provides that "[i]n executing a warrant of arrest, it shall always be
made known to the accused under what authority the arrest is made. . . . If the officer does not have
the warrant in his possession at the time of arrest he shall then inform the defendant of the offense
charged and of the fact that a warrant has been issued." In an unsworn declaration attached to the
motion for new trial, appellant stated, "Neither of the officers told me why I was under arrest. He
never stated that I had a warrant for anything . . . . I did not find out why I was arrested until I was
booked." See Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West 1997). Appellant urges that he
was entitled to a hearing at which evidence could have been introduced regarding the officers'
compliance or noncompliance with article 15.26 and his attorney's failure to pursue this issue.

Appellant's argument is premised on the assumption that a violation of article 15.26
is grounds for suppression of any evidence seized pursuant to the arrest. See Tex. Code Crim. Proc.
Ann. art. 38.23(a) (West Supp. 2004) (evidence obtained in violation of law shall not be admitted). 
In Jones v. State, however, the court of criminal appeals held that noncompliance with article 15.26
does not render an arrest unlawful, and hence does not require the suppression of evidence seized
pursuant to the arrest. 568 S.W.2d 847, 857-58 (Tex. Crim. App. 1978). Appellant acknowledges
this, but argues that Jones is no longer good law in light of the opinion in Chavez v. State, 9 S.W.3d
817 (Tex. Crim. App. 2000). In Chavez, the defendant sought to suppress evidence that he sold
cocaine to an undercover officer assigned to a multi-county narcotics task force. Id. at 818. He
sought to invoke article 38.23 because the delivery took place outside the geographical boundaries
of the task force. Id. The court held that only the parties to the task-force agreement had standing
to complain of violations of the agreement. Id. at 819.

Article 15.26 was not at issue in Chavez. We find nothing in the court's opinion in
Chavez that causes us to doubt the continuing validity of the holding in Jones. Thus, even if a
hearing on appellant's motion for new trial had been held and a violation of article 15.26 had been
established, ineffectiveness of counsel would not have been shown because counsel cannot be faulted
for failing to make a groundless objection. The district court did not abuse its discretion by
concluding that appellant's motion did not raise a matter entitling him to relief and by refusing to
conduct a hearing. See Wallace, 106 S.W.3d at 108. Point of error one is overruled.

Appellant's second point of error restates the assertion he made in his motion for new
trial: that counsel was ineffective because she did not make an article 15.26 objection. For the
reason already stated, the point of error is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: April 22, 2004

Do Not Publish