# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00395-CR

**Kendall Alviar, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 60,892, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kendall Alviar pleaded guilty to second-degree sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009). The trial court deferred adjudication, *see* Tex. Crim. Proc. Code Ann. art. 42.12 (West Supp. 2009), placed Alviar on community supervision for ten years, and imposed additional terms including no contact with the complainant, Miranda Carver. Less than five months later, the State moved to proceed with an adjudication of guilt, alleging that Vaughn had violated the terms of his deferred adjudication by contacting Carver. At a hearing on the State's motion, Carver testified that Alviar had been a passenger in a car that tried to run her car off of the road. At the conclusion of the hearing, the court imposed a seven-year prison sentence. Approximately one month later, Alviar moved for a new trial on the basis that Carver had sent him a letter recanting her adjudication-hearing testimony. At a hearing on Alviar's motion, Carver testified that her adjudication-hearing testimony had been false. The trial court nevertheless denied

Alviar's motion for a new trial. Alviar appeals, arguing that the trial court erred by denying his motion for new trial without expressly discrediting Carver's recantation testimony. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2007, a Bell County grand jury indicted Alviar for the November 5, 2006 sexual assault of Miranda Carver. On July 13, 2007, Alviar pleaded guilty to the charge. The court accepted Alviar's plea and set a punishment hearing for the following month. At the punishment hearing, Alviar introduced into evidence an email he had received from Carver on May 3, 2007 that stated in part: "I have told a huge lie to authorities that I am not proud of. What I am trying to say is that both sexual encounters that happened on November 5th were both consientual [sic]. I am very sorry that I made this false statement against you." The trial court asked Alviar whether he was offering the email because he wanted to withdraw his guilty plea. Alviar replied that he did not because other factors would make it difficult for him to prevail in a jury trial. After thoroughly questioning Alviar about his motivation for pleading guilty, the court reaffirmed its acceptance of Alviar's guilty plea. The court then deferred adjudication, placed Alviar on community supervision for ten years, and imposed additional terms including no contact with Carver.

On December 3, 2007, the State filed a motion to proceed with an adjudication of guilt on the sexual-assault charge (the "motion"). The State alleged that Alviar had violated the terms of his deferred adjudication by contacting, harassing, stalking, and threatening Carver.

On April 4, 2008, the court held a hearing on the State's motion. At the hearing, Carver testified that on October 6, 2007, she had been driving on the freeway when a car driven by

2

Alviar's girlfriend, Kali Wendler, cut her off and tried to run her off the road. Carver testified that Alviar was in the passenger seat of Wendler's car and that he screamed at her and threw things at her car. Carver testified that this went on for several minutes and that she was alone in her car at the time. Carver eventually exited the freeway and reported the incident to the police.

The police officer who took Carver's statement after the incident also testified at the adjudication hearing. He testified that Carver seemed very upset and was crying when he took her statement.

Alviar called Kali Wendler as a witness. She testified that Carver had actually been the aggressor in the freeway incident and that, contrary to Carver's testimony, Carver's boyfriend had been in the car with Carver during the incident. She also testified that although she repeatedly "flipped off" Carver during the incident, Alviar had not engaged Carver in any way (and had in fact implored Wendler to disengage).

At the conclusion of the hearing, the court found that the allegations in the State's motion were true. The court set a sentencing hearing for May 5, 2008. At that hearing, the court sentenced Alviar to seven years in prison on the original sexual-assault charge.

On May 21, 2008, Alviar filed a motion for new trial based on a letter Carver had sent him on May 10. The letter recanted Carver's adjudication-hearing testimony and also claimed that she had only "stuck to her story" about being sexually assaulted because the district attorney told her to.

On June 20, 2008, the court held a hearing on Alviar's motion. Carver was the only witness either side called at the hearing. She testified that her adjudication-hearing testimony had

3

been false; she had not been alone in her car during the freeway incident, and Alviar had not screamed or thrown things at her car. Carver claimed that she had lied about the incident to get Kali Wendler in trouble because she did not like Wendler, but she did not know that Alviar would get in trouble for the incident and did not intend for him to. Carver also testified that her November 5, 2007 sexual encounter with Alviar had been consensual.

On cross-examintion, Carver admitted that she had spoken with the prosecutor several times before the adjudication hearing and knew that the hearing would affect Alviar, not Wendler. She also admitted that (1) her adjudication-hearing testimony was consistent with the statement she gave the police immediately after the freeway incident; (2) the district attorney had not in fact told her to "stick to her story" of sexual assault; (3) she had visited Alviar in prison and spoken with him on the phone several times since the adjudication hearing; and (4) she had become friendly with Kali Wendler since the adjudication hearing.

The State subsequently introduced recordings of telephone conversations between Alviar and Carver and cross-examined Carver concerning them. Carver admitted that during the conversations (1) Alviar told her multiple times to write recantation letters that stated their sex had been consensual, the October freeway incident had not happened, and the prosecutor had harassed her; (2) Alviar threatened her by saying that he could put her in jail if he just "opened his mouth"; and (3) Alviar threatened to reveal her "big secret" if she did not recant her adjudication-hearing testimony.

After Carver stepped down, the prosecution and defense both made arguments concerning her credibility. The court denied Alviar's motion for new trial without explicitly

discrediting Carver's testimony or giving any other explanation for its ruling. Alviar subsequently

filed this appeal.

## STANDARD OF REVIEW

A sentencing court must grant a motion for new trial if "material evidence favorable

to the accused has been discovered since trial." Tex. Crim. Proc. Code Ann. art. 40.001 (West

2006). Under this standard,

> a defendant is entitled to have his motion for new trial granted if (1) the newly
> discovered evidence was unknown to him at the time of trial; (2) his failure to
> discover the new evidence was not due to his lack of due diligence; (3) the new
> evidence is admissible and not merely cumulative, corroborative, collateral, or
> impeaching; and (4) the new evidence is probably true and will probably bring about
> a different result in a new trial.

*Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). A trial court has discretion in

deciding whether these requirements are met, so we review its decision for abuse of discretion. *See*

*Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).[1] We do not substitute our judgment

for the trial court's, but rather decide whether the trial court's decision was arbitrary or unreasonable.

*Id*. We view the evidence in the light most favorable to the trial court's ruling and presume that all

reasonable factual findings that could have been made against the losing party were made against

the losing party. *Id*. A trial court abuses its discretion in denying a motion for new trial only when

its ruling is unsupportable on any reasonable view of the record. *Id*.

---

[1] The same review standard applies when, as here, the motion for new trial is based on the
retraction of witness testimony. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002).

**DISCUSSION**

Alviar argues that the trial court abused its discretion in denying his motion for new trial. He bases this argument on the fact that the court "failed to state that it found Carver's recantation to be unbelievable." Alviar acknowledges that "[t]he general rule is that a trial court does not abuse its discretion in denying a motion for new trial based upon the recantation of a material witness if the trial court does not believe the recant[ation] testimony of the witness." He argues, nevertheless, that because "the trial court merely stated, 'I'm denying the defense's motion for new trial[,] . . . [t]here is no indication that the trial court [actually] found Carver's recantation unbelievable or non-credible."

Alviar's argument, in other words, is that the trial court had to expressly discredit Carver's testimony before it could deny Alviar's motion for new trial. That is not the law. *See* Tex. R. App. P. 21.8(b) (in ruling on motion for new trial, court *may* make oral or written findings of fact). Rather, when a trial court does not explain its basis for denying a motion for new trial, we "must defer to any reasonable *implied* factual findings that the trial court might have made in denying" the motion. *Charles*, 146 S.W.3d at 211 (emphasis added).

Alviar based his motion for new trial on Carver's testimony and recantation letter. Because the trial court denied Alviar's motion, we must infer that the trial court discredited this evidence. *See id*. Having reviewed the record, it is clear that Carver's testimony and letter contradicted Carver's earlier statements. The trial court was well within its discretion to credit the latter and discredit the former. *See id*. at 208 (citing *Beck v. State*, 573 S.W.2d 786, 791 (Tex. Crim. App. 1978), for proposition that court has "the right to accept or reject any part of" witness's

6

testimony when presiding over motion for new trial). Thus, the trial court did not abuse its discretion in denying Alviar's motion for new trial. *See id*.; *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002) (abuse-of-discretion review standard applies where motion for new trial is based on retraction of witness testimony).

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   June 25, 2010

Do Not Publish

7