02-11-433-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00433-CR 

 

 


 
 
 Charles Levi Miller
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 90th
District Court OF Young COUNTY

----------

 

MEMORANDUM OPINION[1]

 

----------

 

I.  Introduction

A
jury found appellant Charles Levi Miller guilty of aggravated assault with a
deadly weapon, a knife, and assessed his punishment at fifteen years’
confinement and a fine of $2,000.  In two issues, Miller argues that the trial
court abused its discretion by admitting into evidence four knives and
photographs of those knives and that in-court identifications of him by two
witnesses were inadmissible because they were tainted by an impermissibly
suggestive pretrial identification procedure.  We will affirm.

II.  Factual and Procedural Background

One
afternoon, Kathy McCain was working alone at the Akers & Fultz office on
Loving Highway in Graham when a man, later identified as Miller, came to the
door of her office.  Miller asked McCain if she knew the owner of an adjacent
building.  McCain directed the man to Coleman’s Packers, the business across
the street, for the information.  Miller left McCain’s office and went to
Coleman’s Packers, where he spoke to Stacy Creswell.  Approximately ten minutes
later, Miller returned to McCain’s office and asked to borrow a phone book.  Miller
returned the phone book to McCain, and when she reached out to take it, Miller
grabbed her left arm and pushed her down onto a couch.  Miller held a knife to
McCain’s throat and told her to do as he said or he would slit her throat.  McCain
began praying out loud to God and Jesus and pleaded with Miller to stop. 
Miller attempted to take off McCain’s jeans while still holding the knife but
was unable to do so.  McCain continued pleading with Miller and finally
convinced him to stop.  Miller stood, releasing McCain, hugged her, and left.   

McCain and Creswell each gave officers a description of
Miller and the truck he was driving.  Officers located the truck at a house and
found Miller lying on the floor inside the house.  Miller accompanied officers to
the police station and consented to a search of his home and truck.  Officers
found two knives in the house and two in the truck.  At the police station,
Miller confessed to the assault and gave a written statement to officers.   

Two days after the attack, Sergeant Terry Vanlandingham met
with McCain at the Akers & Fultz office and met with Creswell at the Graham
Police Department to show them a photographic lineup that he had compiled from
the Young County Jail database.  The photographic lineup consisted of six black
and white photographs of males approximately the same size and build.  Each
photograph contained a marker with an identification number and the booking
date of the individual.  Miller’s photograph was the only one that had the same
booking date as the offense date.  McCain and Creswell both identified Miller
in the photographic lineup.    

III.  Admissibility of the
Knives and Photographs

In his first issue, Miller argues that the trial court
abused its discretion by admitting into evidence the four knives that were
found in his truck and house and the photographs of those knives because there
was no evidence that the knives were used in the commission of the assault.  We
will assume error and apply a harm analysis.[2]

Because any error in admitting this evidence was not
constitutional, rule 44.2(b) is applicable.  Tex. R. App. P. 44.2(b).  A
substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury’s verdict.  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United
States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)).  Conversely, an
error does not affect a substantial right if we have a fair assurance that the
error did not influence the jury, or had but a slight effect.  Solomon v.
State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 

In making this determination, we review the record as a
whole, including any testimony or physical evidence admitted for the jury’s
consideration, the nature of the evidence supporting the verdict, and the
character of the alleged error and how it might be considered in connection with
other evidence in the case.  Motilla v. State, 78 S.W.3d 352, 355 (Tex.
Crim. App. 2002).  We may also consider the jury instructions, the State’s
theory and any defensive theories, whether the State emphasized the alleged error,
closing arguments, and even voir dire, if applicable.  Id. at 355–56.

In this case, the State presented ample evidence of
Miller’s guilt, including his use of a deadly weapon.  McCain testified that
Miller held a knife to her throat and threatened to slit her throat if she did
not cooperate.  She testified that she could not “be for sure” that the knife
used in the assault was one of the four knives recovered by officers from
Miller’s truck or house.  Officers that arrived on the scene after the assault
saw visible redness on McCain’s neck and took photographs of her injuries.  Miller
later confessed to the attack in writing, although he did not mention the use
of a knife in his confession.  The testimony about the knives found in Miller’s
truck and home was not extensive and focused on where the knives had been found
and the fact that McCain could not positively identify one as the one used in
the attack.  The State made no mention of the knives in its closing arguments,
but the defense’s closing argument reiterated to the jury that none of the
knives were ever identified by McCain.  

Having
examined the record as a whole, we have a fair assurance that any error in
admitting the knives found in Miller’s truck and house, and photographs of
those knives, did not substantially sway the jury to finding him guilty of
assault with a deadly weapon.  See Solomon, 49 S.W.3d at 365; Johnson,
967 S.W.2d at 417.  Accordingly, we hold that any error in admitting the knives
and photographs of the knives did not have a substantial or injurious effect on
the jury’s verdict and did not affect Miller’s substantial rights.  See King,
953 S.W.2d at 271.  Thus, we disregard any error.  See Tex. R. App. P.
44.2(b).  We overrule Miller’s first issue.

IV.  In-Court Identifications

In
his second issue, Miller argues that Creswell’s and McCain’s in-court
identifications of Miller as the person who committed the assault lacked
indicia of reliability because their out-of-court identifications were based on
an impermissibly suggestive photo array.  

 

A. 
Standard of Review

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Wilson v.
State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g).  

B.  Preserving
Issues Challenging Pretrial Photo Arrays

When
attacking an in-court identification as being tainted by an impermissibly
suggestive pretrial identification procedure, generally, a motion to suppress
the identification should be filed and a hearing held out of the jury’s
presence.  Barley v. State, 906 S.W.2d 27, 32 (Tex. Crim. App. 1995), cert.
denied, 516 U.S. 1176 (1996); Martinez v. State, 437 S.W.2d 842, 848
(Tex. Crim. App. 1969); Wallace v. State, 75 S.W.3d 576, 584 (Tex.
App.—Texarkana 2002), aff’d on other grounds, 106 S.W.3d 103 (Tex. Crim.
App. 2003).  “At the very least, there should [be] a trial objection to the
in-court identification made by the witnesses who viewed the photographic
array.”  Barley, 906 S.W.2d at 32.  Failure to complain about or object to
the in-court identification amounts to a procedural default and waives any
complaint on appeal.  Id.; Wallace, 75 S.W.3d at 584.  It is not
enough to object to the introduction of the photographic lineup to preserve a
complaint on the in-court identification.  See Wallace, 75 S.W.3d
at 584.  

C. 
Waiver of Complaint Regarding Pretrial Photo Array

Miller
argues on appeal that neither McCain’s nor Creswell’s initial descriptions were
particularly specific or adequate to identify Miller and that the date of
Miller’s arrest that is visible on the photograph of him in the lineup had the
“corrupting effect” of a suggestive pretrial lineup.  However, Miller did not
file a motion to suppress the in-court identifications or object when either
Creswell or McCain identified him in court.  See Barley, 906 S.W.2d at
32; Wallace, 75 S.W.3d at 584.  Consequently, Miller has not
preserved this issue for appeal.  See Tex. R. App. P. 33.1(a)(1).  We
overrule Miller’s second issue.

 

 

 

 

 

 

 

 

V.  Conclusion

Having
overruled Miller’s two issues, we affirm the trial court’s judgment. 

 

PER
CURIAM

 

PANEL:  WALKER,
MCCOY, and MEIER, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 12, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]The parties appear to
dispute whether the knives were admissible as evidence of the actual knife used
in the assault or as demonstrative evidence of replicas or duplicates of the actual
knife used.  We need not decide whether the complained-of evidence was
admissible for either reason because, applying the appropriate standard of
review, we hold that any error was harmless.