

# In the Court of Criminal Appeals of Texas

Nos. PD-0377-24, PD-0378-24

THE STATE OF TEXAS

v.

ERIK RODRIGUEZ, Appellee

On State's Petition for Discretionary Review
From the Fourth Court of Appeals
Bexar County

YEARY, J., filed a concurring opinion.

I agree that it is appropriate to resolve this case on the basis of the State's first ground for review, concluding that Appellee's cell phone was properly seized as a function of the plain view doctrine. Because the cell phone was lawfully seized, there was no primary illegality to taint

the consent that Appellee subsequently gave to a full forensic search of the cell phone, which is evidently what revealed the incriminating evidence in these prosecutions for possession of child pornography and misuse of public information. Although the Court also granted the State's second and third grounds for review, which raise alternative arguments,[1] I agree that we need not reach them.

## I. THE APPROPRIATE STANDARD FOR REVIEW

In its first ground for review, the State contends that the court of appeals misapplied the proper standard for review in assessing its plain view argument on direct appeal.[2] The State does well to articulate this ground for review in terms of the court of appeals' *misapplication* of the appropriate standard, since the court of appeals *articulated* the proper standard for review in its unpublished opinion. *State v. Rodriguez*, Nos. 04-22-00727-CR & 04-22-00728-CR, 2024 WL 1642931, at *3 (Tex. App.—San Antonio Apr. 17, 2024) (mem. op., not designated for publication). Indeed, the court of appeals indirectly recognized the

---

[1] In its second ground for review, the State contended that "[t]he court of appeals misapplied the attenuation of taint doctrine." This ground presupposes the seizure of the cell phone was illegal, a proposition which the Court rightly rejects today. The State's third ground for review asks: "Does [Article 18.0215 of the Texas Code of Criminal Procedure] apply to all cell phone searches or just searches of cell phones seized pursuant to an arrest?" Under Article 18.0215(d)(1), a peace officer may search a cell phone without a warrant if the owner consents to the search, as happened here. TEX. CODE CRIM. PROC. 18.0215(d)(1).

[2] The State's first ground for review reads: "The court of appeals misapplied the Guzman standard of review as it applied to the seizure of [Appellee's] cell phone." *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). This ground for review challenges the court of appeals' resolution of the State's plain view argument on direct appeal.

familiar "bifurcated" standard of *Guzman v. State*,[3] whereby reviewing courts give nearly total deference to the trial court in its capacity as factfinder and arbiter of credibility, but they review a trial court's resolution of the ultimate legal question, whether a particular search or seizure was reasonable, de novo. 955 S.W.2d 85, 87−89 (Tex. Crim. App. 1997). But, problematically, the court of appeals also declared that trial court judgments on motions to suppress are to be measured by an abuse-of-discretion standard, and they are not to be overturned if they are within the zone of reasonable disagreement. *See Rodriguez*, 2024 WL 1642931, at *3 ("We reverse the trial court's ruling only if it is outside the zone of reasonable disagreement.") (internal quotation marks omitted).

For this proposition, the court of appeals cited *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). *Martinez* indeed said this, citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006), in support. And *Dixon* does in fact say it as well. But in the next breath, *Dixon* also observes that, while "[w]e give almost total deference to a trial court's express or implied determination of historical facts[,]" we "review *de novo* the court's application of the law of search and seizure to those facts." *Id*.

Other cases have made it abundantly clear that the "abuse of discretion" component of the *Guzman* standard applies only to the trial

---

[3] I say indirectly because the court of appeals did not actually cite *Guzman* itself. It relied, instead, primarily upon this Court's opinion in *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011), which in turn cited *Guzman*.

court's resolution of historical fact and questions of witness credibility.[4] Once those fact/credibility issues have been resolved in the light most favorable to the trial court's ruling, questions of how the law should apply to the facts are not subject to an abuse of discretion standard.[5] The lower courts are not entitled to mistakenly apply the law in the interest of deference or comity.

To the extent that the court of appeals' "abuse of discretion" analysis included any degree of deference to the trial court's application of law to the facts as it had determined them to be, then, it erred. That said, the Court today could simply remand the cause to the court of appeals to reconsider the State's plain view argument under a correct understanding of the *Guzman* standard.[6] But because the Court instead

---

[4] *See, e.g.*, *State v. Sheppard*, 271 S.W.3d 281, 286 & n.14 (Tex. Crim. App. 2008) (observing that it is trial court's fact findings to which reviewing courts must give deference, while insisting that application of the law to those facts is to be reviewed de novo).

[5] *See State v. Mazuca*, 375 S.W.3d 294, 307 (Tex. Crim. App. 2012) ("[O]nce having resolved all questions of historical fact and weight and credibility of the testimony in the light most favorable to the trial court's resolution of the legal issues, an appellate court then conducts a *de novo* review of the proper application of law to the factual disputes and credibility issues as thus resolved, in order to say whether the trial court judge has reached the correct legal conclusion with respect to the legal significance of the facts he has found.") (internal quotation marks and footnote citations omitted); *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008) ("[T]he question of whether a given set of historical facts amounts to a consensual police-citizen encounter or a detention under the Fourth Amendment is subject to *de novo* review because it is an issue of law—the application of legal principles to a specific set of facts.").

[6] Whether to remand a case to the court of appeals when this Court has found that it applied an improper standard for review, or instead to resolve the issue ourselves under what we have concluded to be the proper standard, is,

goes on to revolve the plain view issue under the appropriate standard, however, I will address that matter as well.

## II. PLAIN VIEW: IS "IMMEDIATELY APPARENT" A FACT QUESTION?

The court of appeals might have been correct to defer to the trial court's determination of the plain view issue in this case if the question of whether it was "immediately apparent" that Appellee's cell phone constituted evidence of a crime is a pure fact question instead of a mixed question of law and fact. *See, e.g.*, *Parker v. State*, 206 S.W.3d 593, 599 n.21 (Tex. Crim. App. 2006) (citing federal cases for the proposition that whether exigent circumstances exist is a pure fact question, subject to deferential appellate review). As far as I have found, this Court has not yet said whether the "immediately apparent" component of a plain view analysis is an issue of pure fact or an application of law to facts inquiry. The parties do not join issue on this question, and the Court today does not explicitly address it, instead seeming to uncritically assume that the "immediately apparent" issue is an application-of-law-to-fact question that is subject to de novo review.

Intuitively, it does not seem wholly far-fetched to regard the "immediately apparent" question as one of pure fact: Is the object that was found in plain view just as plainly incriminating? Even so, the United States Supreme Court has plainly regarded the "immediately apparent" inquiry as a species of basic probable cause: There must be

---

we have said, "a matter of our own best judgment." *See Hughes v. State*, 691 S.W.3d 504, 532 (Tex. Crim. App. 2024) (Yeary, J., dissenting) (citing *Hernandez v. State*, 939 S.W.2d 173, 179 (Tex. Crim. App. 1997), *Loesch v. State*, 958 S.W.2d 830, 832 n.2 (Tex. Crim. App. 1997), and *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003)).

"probable cause" to "associate" the item that is in plain view "with criminal activity." *Texas v. Brown*, 460 U.S. 730, 741−42 (1983) (quoting *Payton v. New York*, 445 U.S. 573, 587 (1980)).[7]

The United States Supreme Court has made clear that "ultimate determinations of . . . probable cause" are not pure fact questions but are subject to "independent"—that is to say, de novo—"appellate review[.]" *Ornelas v. United States*, 517 U.S. 690, 696−97 (1996). And today the Court simply completes the syllogism to conclude that whether, under the totality of the circumstances, it is "immediately apparent" that a plain-view object is associated with criminal activity is subject to de novo appellate scrutiny. On this basis, I agree with the Court that de novo appellate review applies.

### III. DE NOVO REVIEW IN THIS CASE

Here, Detective Aisha Jackson clearly had probable cause to believe that Appellee had used his cell phone to commit the offense of misuse of public information, as recounted in the Court's opinion. The fact that there is probable cause to believe that Appellee used a personal phone does not necessarily mean, however, that it was immediately apparent that the cell phone displayed in his hand when Jackson confronted him at the station house was that same cell phone. But she had good reason to believe that it probably was. And if the "immediately

---

[7] Although *Brown* was a plurality decision, the Supreme Court later explicitly held that "probable cause is required." *Arizona v. Hicks*, 480 U.S. 321, 326 (1987). And while *Hicks* did not, like *Brown*, explicitly equate the "immediately apparent" inquiry with probable cause, the Supreme Court later reiterated that, "not only must the item be in plain view; its incriminating character must also be 'immediately apparent[,]'" citing the *probable cause* discussion from *Hicks*. *Horton v. California*, 496 U.S. 128, 136−37 (1990).

apparent" inquiry is essentially a probable cause inquiry, as the United States Supreme Court has indicated, then "probably" is enough.[8] Jackson was justified in seizing the cell phone, eliminating any alleged primary illegality emanating from the seizure that might have otherwise tainted the subsequently given consent to search it.

In its findings of fact and conclusions of law, the trial court judge concluded that "the plain view doctrine does not seem to fit." Findings of Fact and Conclusions of Law (FF&CL) at 28. She observed, "[t]he cell phone was not discovered contemporaneously with other evidence of criminal activity[.]" *Id*. But that does not matter as long as Jackson had an objective basis to believe it would contain evidence of the misuse-of-public-information offense. *Cf. Stocker v. State*, 693 S.W.3d 385, 388 (Tex. Crim. App. 2024) (holding that the use of a cell phone in the perpetration of a crime is not the only fact that can serve to establish a "nexus" between the phone and the offense under investigation). That the "criminal activity" was not going on "contemporaneously" with the seizure in no way detracts from the objectively reasonable inference that the cell phone in Appellee's hand was probably the one that was involved in earlier criminality.

Next, the trial court judge opined that "there was no evidence that *that* phone's incriminating nature was immediately apparent to Detective Jackson at the moment of seizure." FF&CL at 28. As the court of appeals noted, the trial court "pointed to Jackson's testimony that

---

[8] *See Guzman*, 855 S.W.2d at 87 ("Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence.").

when she seized [Appellee's] phone, 'she did not have any direct knowledge that that was the phone involved in the communication'" that was the subject of her investigation. *Rodriguez*, 2024 WL 1642931, at *3. But considerably less than "near certainty" is required. *Brown*, 460 U.S. at 471. Jackson had "direct knowledge" that there was a reasonable *likelihood* that it was the cell phone that was involved in the offense— because, after all, *it was in Appellee's hand*. I agree with the Court that this was enough to show that its likely association with Appellee's earlier criminal activity was "immediately apparent."

Finally, the trial court relied on Jackson's testimony that "she seized the phone because she believed she had a valid warrant for the cell phone's seizure, not because she saw it in plain view and its incriminating nature was immediately apparent to her." FF&CL at 28. But, of course, Jackson's subjective state of mind is irrelevant to the question whether her seizure was objectively reasonable under the Fourth Amendment—and this is so regardless of whether she had a valid warrant, a defective warrant, or no warrant at all. The warrantless seizure of property in a public place is objectively reasonable under the Fourth Amendment so long as probable cause exists "to associate the property with criminal activity." *Id.* at 738 (quoting *Payton*, 445 U.S. at 587); *see also United States v. Watson*, 423 U.S. 411, 423−24 (1976) (warrantless seizures of the person in public are reasonable under the Fourth Amendment when supported by probable cause).

The United States Supreme Court has declared itself "unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers[.]" *Whren v. United States*, 517 U.S.

806, 813 (1996). "Subjective intentions[,]" it has said, "play no role in ordinary, probable-cause Fourth Amendment analysis." *Id*. In suggesting otherwise, the trial court judge misapplied the law, and the court of appeals erred to defer to that misapplication of law to fact.

## IV. CONCLUSION

For these reasons, I concur in the Court's judgment that the court of appeals erred to defer to the trial court's ruling granting Appellee's motion to suppress. The court of appeals should not have deferred to the trial court's determination that the evidentiary value of the cell phone in Appellee's hand was not immediately apparent. Conducting that review de novo, the Court today correctly concludes that it was. Accordingly, I readily concur in the Court's judgment.


**FILED:**                                          May 14, 2025
**DO NOT PUBLISH**